70 F.3d 119
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald C. FRANKLIN, Plaintiff-Appellant,
v.
D'AMICO SOCIETA DI NAVIGAZIONE S.P.A., an Italian
Corporation, Defendant-Appellee.
 No. 94-35508.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 20, 1995.
Decided Nov. 3, 1995.
 
 Before: WALLACE, Chief Judge, D.W. NELSON and BRUNETTI, Circuit Judges.
 
 MEMORANDUM
 
 1
 Franklin appeals from the district court's denial of a motion for a new trial pursuant to Federal Rule of Civil Procedure 59. The district court had jurisdiction under 28 U.S.C. Sec. 1332. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 2
 The denial of a motion for a new trial is reviewed for an abuse of discretion. Browning-Ferris Indus. of Vt. v. Kelco Disposal, 492 U.S. 257, 278 (1989). "[W]hen the motion is based on an alleged inconsistency in the jury verdict, the question is whether the verdict can be reconciled on any reasonable theory consistent with the evidence." Ward v. City of San Jose, 967 F.2d 280, 286 (9th Cir.1992).
 
 
 3
 Franklin sued D'Amico Societa di Navigazione (D'Amico Societa) for economic and noneconomic damages resulting from an accident aboard a ship owned by D'Amico Societa. Franklin argues that the trial verdict is irreconcilably inconsistent because the jury awarded him two weeks of lost earnings and medical expenses, but denied him any damages for pain and suffering. The district court determined that the verdict was not inconsistent because the jury reasonably could have found that Franklin's "testimony regarding his subjective symptoms was not credible."
 
 
 4
 The jury reasonably could have awarded Franklin medical expenses because D'Amico Societa's negligence caused him to seek medical attention from several doctors. The jury also reasonably could have awarded Franklin two weeks of lost wages because D'Amico Societa's negligence caused him to seek medical opinions and attention from several doctors over the course of two weeks. Neither of these findings necessarily required the jury to conclude that Franklin suffered compensable pain and suffering.
 
 
 5
 Because there is a "reasonable theory" that reconciles the evidence with the jury's verdict, the district court did not abuse its discretion by denying Franklin's motion for a new trial. See id.
 
 
 6
 AFFIRMED.
 
 
 7
 Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.